# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1092

_____

Shook & Fletcher Asbestos    *
Settlement Trust,       *
           *
   Plaintiff - Appellee,     *  Appeal from the United States
           *  District Court for the
   v.           *  Eastern District of Missouri.
           *
Safety National Casualty Corporation,   *   **[UNPUBLISHED]**
           *
   Defendant - Appellant.     *

_____

Submitted: July 22, 2003

Filed: October 21, 2003

_____

Before LOKEN, Chief Judge, FAGG and MORRIS SHEPPARD ARNOLD, Circuit
   Judges.

_____

PER CURIAM.

   A flood of asbestos-related damage claims against Shook and Fletcher
Insulation Co., an insulation contractor, led to coverage disputes between Shook and
Fletcher and its many liability insurers. In November 1997, an Alabama state court
ordered the parties to arbitrate this dispute, which involves an excess umbrella policy
issued to Shook and Fletcher by Safety National Casualty Corporation. The
arbitration panel issued a decision in favor of Safety National and declared its award
to be binding. Shook and Fletcher moved to vacate the award under section 10 of the

Federal Arbitration Act, 9 U.S.C. § 10, arguing that the panel exceeded its authority in declaring its decision to be binding. The district court[1] agreed that the arbitration is non-binding and vacated that portion of the award. Safety National appeals, arguing the issue was a procedural matter for the arbitrators to decide, and their decision must be upheld under the deferential standard of review mandated by the Federal Arbitration Act.

In Dow Corning Corp. v. Safety Nat'l Cas. Corp., 335 F.3d 742 (8th Cir. 2003), we considered the same arbitration clause in Safety National policies issued to another insured. We concluded that the issue whether the parties contracted for binding or non-binding arbitration went to the scope of the arbitrators' authority and was therefore beyond their authority to resolve. We further concluded that the clause in the Safety National policy was ambiguously silent on this issue. Lacking extrinsic evidence in the record, such as evidence of custom and usage, we held that the policies provided for mandatory but non-binding arbitration. Accordingly, we vacated the arbitrators' declaration to the contrary.

This case presents the same issues we decided in Dow Corning. Once again, the record contains no extrinsic evidence relevant to construing the ambiguous arbitration provision. Therefore, Dow Corning is controlling. As the district court's decision is consistent with our later decision in Dow Corning, we affirm.

_____

[1]The HONORABLE CAROL E. JACKSON, Chief Judge of the United States District Court for the Eastern District of Missouri.